IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br>KETANKUMAR CHAUDHARI, RASHMI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI, and MAHESHKUMAR CHAUDHARI,<br>                    Defendant. | 4:25CR3071<br><br>ORDER |

      A telephone status conference was held today. During the telephone conference, the court elicited status updates from the parties. Defendant Rashmi Samani's counsel was unable to attend. The government has produced and will be producing additional voluminous discovery in the near future. At least three of the defendants are still reviewing the first round of discovery produced by the government. Based upon the updates of all counsel, the court found good cause to, and asked all parties if they objected to the matter remaining designated as unusual and complex pursuant to 18 USC § 3161(h)(7)(B)(ii), to set a status conference in approximately sixty days to set further progression deadlines, including the deadline for pretrial motions, and, further, to exclude the time pursuant to the Speedy Trial Act until that status conference. All present parties consented to that course of action.

      Accordingly,

      IT IS ORDERED:

1)     A telephonic conference with counsel will be held before the undersigned magistrate judge at 10:00 a.m. on January 5, 2026 to discuss setting further progression deadlines in this matter. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

2)     Upon representation of counsel and with no objection of all parties present for the call, due to the nature of the prosecution, the number of defendants, the existence of novel questions of fact and law, and the amount of discovery, as well as for the reasons set forth in the government's original motion to deem this matter unusual and complex, the reasons set forth in the initial appearances, and for the reasons set forth during this status call, the court continues to designate this matter as an unusual and complex case. 18 U.S.C. 3161(h)(7)(B)(ii). Moreover, the Court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(6), (h)(7)(A). Any additional time arising as a result of the granting of this motion, that is, the time between today's date and on January 5, 2026, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(6), and (h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be

deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 30th day of October, 2025.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge