IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:25CR3071 |
| vs. | |
| KETANKUMAR CHAUDHARI, RASHMI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI, and MAHESHKUMAR CHAUDHARI, | ORDER |
| Defendants. | |

This matter is before the Court on the Government's Objection, Filing No. 132, to the Court's Order, Filing No. 122. The Government moves the Court to rescind the portion of its Order providing that the Government bear all reasonable travel and subsistence expenses for Defendants' attorneys to attend the deposition of a material witness. The Court construes the Government's objection as a motion to reconsider this portion of its Order. Defendant Amit P. Chaudhari ("Amit P.") filed an untimely response opposing the Government's motion. Filing No. 146. No other Defendants have filed a response and the time to do so has passed.

Federal Rule of Criminal Procedure 15(d) provides that, if the government requests the deposition, "the court may—or if the defendant is unable to bear the deposition expenses, the court must—order the government to pay . . . any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition."

1

Amit P. argues the Court must order the Government to pay his attorney's reasonable travel and subsistence expenses because the Court appointed him CJA counsel after reviewing his financial affidavit. *See* Filing No. 40. However, Amit P. subsequently retained counsel. This "raises a 'serious question' as to whether [Amit P.] is indigent." *Brown v. United States*, 716 Fed. App'x 488, 491 (6th Cir. 2017) (unpublished) (citing *United States v. Iles*, 906 F.2d 1122, 1134 (6th Cir. 1990)). Notably, Amit P. did not submit any evidence that he is unable to bear the burden of the deposition expenses. And, upon review, Amit P.'s financial affidavit alone does not support this conclusion. *See generally United States v. Brockman*, 183 F.3d 891, 897 (8th Cir. 1999) ("Financial inability to pay [under the CJA] 'is not the same as indigence or destitution[.]'" (quoting *Museitef v. United States*, 131 F.3d 714, 716 (8th Cir. 1997)).

The remaining Defendants did not submit any evidence they are unable to bear the burden of the deposition expenses. All Defendants have now retained counsel.[1] Accordingly, the Court may, but is not required to, order the Government to pay the travel and subsistence expenses of Defendants' attorneys to attend the deposition. Amit P. sets forth no legal authority outside of Rule 15 to support his position.

The deposition will occur in Nebraska, the district in which this case is pending. Amit P. opted to retain an attorney who lives in Georgia because this attorney speaks his language (Gujarati). This is not a case in which defense attorneys are forced to travel because the Government wants to depose the witness in a different location. *Cf. United States v. Csolkovits*, 794 F. Supp. 2d 764, 765–66 (E.D. Mich. June 6, 2011) (court initially ordered government to pay defense attorney's travel and subsistence expenses when government moved to depose two witnesses in the Bahamas and later ordered government to pay to retain a Bahamian attorney for defendant). Moreover, the Government is paying all other costs of the deposition. Under these circumstances, the

---

[1] The Court notes it also found Defendant Amit B. Chaudhari eligible for appointed counsel upon review of his financial affidavit. Filing No. 100. Amit B. later retained counsel. Filing No. 121. Accordingly, Amit B. was similarly required to show that, despite retaining counsel, he is unable to bear the deposition expenses such that the Court must order the Government to bear the expenses. He did not do so.

Court declines to exercise its discretion to order the Government to pay for Amit P.'s attorney to attend the deposition.

For the reasons set forth herein, the Court grants the Government's motion.

## CONCLUSION

Accordingly,

IT IS ORDERED:

1) The Government's Objection, Filing No. 132, is granted.
2) The portion of the Court's Order, Filing No. 122, requiring the Government to bear "any reasonable travel and subsistence expenses" for Defendants' attorneys to attend the deposition is vacated.
3) The Court's Order (Filing No. 122), as modified by Filing No. 143, otherwise remains unchanged.

Dated this 21st day of November, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge