**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**AMIT P. CHAUDHARI,**<br><br>Defendant. | Case No. 4:25CR3071<br><br>**DEFENDANT AMIT P. CHAUDHARI'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE WARRANTLESS SEARCH OF HIS VEHICLE** |

COMES NOW Defendant, Amit P. Chaudhari, by and through undersigned counsel, and pursuant to the Fourth Amendment to the United States Constitution and Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, respectfully moves this Court for an Order suppressing all evidence obtained from the warrantless search of his vehicle conducted on July 30, 2025, together with all evidence derived therefrom.

## BACKGROUND

On July 30, 2025, officers with the Omaha Police Department stopped Defendant's 2022 Ford F-150 after allegedly observing that it was not displaying a front license plate. Upon contacting Defendant and his passenger, officers stated only that they "were given verbal consent to search the vehicle." During the ensuing search, officers recovered approximately 1.5 grams of what they misclaimed to be khat, later disproven and shown to be false, from the passenger-side door and approximately $5,000.00 in United States currency from the center console.

Based upon that search, Defendant was arrested for Possession of a Controlled Substance under Nebraska law. The reports further reflect that when officers attempted to question

Defendant after advising him of his Miranda rights, Defendant immediately invoked his constitutional right to counsel.

The State of Nebraska subsequently dismissed the possession charge after determining that the substance seized from the vehicle was not an illegal controlled substance under Nebraska law. Consequently, no conviction resulted from the traffic stop. Nevertheless, the Government now seeks to rely upon evidence obtained during that same warrantless search in this federal prosecution. Because the constitutionality of that search has never been adjudicated, Defendant respectfully requests that this Court suppress all evidence obtained as a result thereof.

## ARGUMENT

### I. The Government Bears the Burden of Establishing That the Warrantless Search Was Constitutional.

The Fourth Amendment protects individuals against unreasonable searches and seizures. It is well settled that warrantless searches are presumptively unreasonable unless the Government demonstrates that the search falls within one of the specifically established exceptions to the warrant requirement. Katz v. United States, 389 U.S. 347, 357 (1967).

Here, the Government relies exclusively upon the consent exception. Accordingly, it bears the burden of proving by a preponderance of the evidence that Defendant voluntarily consented to the search under the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). The Government must also establish that the individual providing consent possessed either actual or apparent authority to authorize the search. United States v. Matlock, 415 U.S. 164 (1974).

**II. The Police Reports Do Not Establish That the Search Was Conducted Pursuant to Valid Consent.**

The officers' reports contain only a single conclusory assertion that officers "were given verbal consent to search the vehicle." That statement is insufficient to satisfy the Government's burden under the Fourth Amendment. The reports do not identify who allegedly consented, the words spoken by either the officers or Defendant, whether Defendant or the passenger purportedly granted consent, whether the person providing consent possessed authority over the vehicle, whether Defendant remained detained when consent was requested, whether his driver's license and registration had been returned, whether officers advised him that he could refuse consent, or whether any coercive circumstances existed. Nor do the reports describe the scope of the alleged consent or whether it was ever limited or withdrawn.

Absent evidence addressing these essential facts, the Government cannot establish that the warrantless search falls within the narrow consent exception to the Fourth Amendment. A bare conclusion that "verbal consent" was obtained does not relieve the Government of its constitutional burden.

**III. The Government Must Also Demonstrate That Any Consent Was Not the Product of an Unlawfully Prolonged Detention.**

According to the arrest reports, officers stopped Defendant solely because the vehicle allegedly lacked a front license plate. The reports do not reveal when consent was requested, whether the purpose of the traffic stop had already been concluded, or whether Defendant remained unlawfully detained while officers sought permission to search the vehicle.

Moreover, the Omaha Police Department's impound report states that detectives conducted the traffic stop "in regard to an active investigation," a characterization that differs

materially from the arrest report's description of the stop as an ordinary equipment violation. This inconsistency raises substantial questions regarding the true purpose of the stop and whether officers unlawfully prolonged Defendant's detention before seeking consent. Under Rodriguez v. United States, 575 U.S. 348 (2015), any consent obtained during an unlawfully extended traffic stop is constitutionally infirm.

**IV. The Dismissal of the State Charges Does Not Cure a Fourth Amendment Violation.**

Following Defendant's arrest, the State of Nebraska dismissed the possession charge after determining that the substance officers believed to be contraband was not, in fact, an illegal controlled substance. Although the dismissal itself does not determine the constitutionality of the search, it underscores the importance of requiring the Government to satisfy its burden before introducing the fruits of that warrantless search in this federal prosecution.

The Government may not avoid Fourth Amendment scrutiny simply because it now seeks to use evidence obtained during a dismissed state prosecution in support of separate federal charges. If the search violated Defendant's constitutional rights, all evidence derived from that search must be suppressed regardless of the disposition of the underlying state case.

**V. An Evidentiary Hearing Is Required.**

An evidentiary hearing is necessary because the present record leaves unresolved virtually every material fact surrounding the alleged consent. The Government should be required to establish who allegedly consented to the search, the precise words exchanged between the officers and the occupants of the vehicle, whether the individual granting consent possessed authority to do so, whether Defendant remained detained at the time consent was requested, and whether the alleged consent was knowing, voluntary, and unequivocal. The Government should likewise be required to produce any body-worn camera recordings,

KALPIN SHAH LAW, P.C.
101 MARIETTA STREET, N.W. SUITE 3325, ATLANTA, GA. 30303
TELEPHONE 678.744.4 LAW | KALPIN@KALPINSHAHLAW.COM

dash-camera recordings, dispatch recordings, or other contemporaneous evidence documenting the stop and search. Finally, the Government should explain the inconsistency between the arrest report and the impound report concerning the reason for the traffic stop. Without such evidence, the Government cannot satisfy its burden of proving that the warrantless search complied with the Fourth Amendment.

**CONCLUSION**

WHEREFORE, Defendant Amit P. Chaudhari respectfully requests that this Court conduct an evidentiary hearing, suppress all evidence obtained as a result of the warrantless search of Defendant's vehicle conducted on July 30, 2025, suppress all derivative evidence and testimony relating to that search, and grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

This is to certify that I have served a true and correct copy of the foregoing Defendant's pleading upon the prosecutor's office.

Respectfully Submitted, this 29th day of June, 2026.

Kalpin Shah

Kalpin Shah, Ga. Bar No. 858166
KALPIN SHAH LAW, PC
Attorney for the Defendant
Centennial Tower
101 Marietta Street, Suite 3325
Atlanta, Ga. 30303 | 678-744-4529 | Kalpin@KalpinShahLaw