IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, RASHMI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI, MAHESHKUMAR CHAUDHARI, HINABEN CHAUDHARI, and JAYESHKUMAR CHAUDHARI,<br><br>Defendants. | **4:25CR3071**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Attorney Damilola J. Oluyole ("Movant") of Yole Law PC, LLO's Objection to the Magistrate Judge's Order dated May 20, 2026. (Filing No. 242; Filing No. 246.) For the reasons explained below, the Objection will be overruled.

**BACKGROUND**

Movant was retained by Defendants Ketankumar Chaudhari and Rashmi Samani to represent their business' interests in the interlocutory sale of certain property subject to forfeiture in this case. (Filing No. 224.) The parties agreed to the sale of several properties and filed motions seeking Court approval of the sales. (Filing No. 148; Filing No. 149; Filing No. 150; Filing No. 151; Filing No. 152; Filing No. 153.) The motions indicated that Movant was the sellers' "agent" and authorized the escrow company conducting the closings to "deduct ordinary expenses incident to closing, including the payment of taxes, commissions, and liens" from the proceeds of the sales. (Filing No. 148; Filing No. 149; Filing No. 150; Filing No. 151; Filing No. 152; Filing No. 153.)

The remainder of the proceeds were to be deposited in an interest-bearing account controlled by the United States Marshals Service. (Filing No. 148; Filing No. 149; Filing No. 150; Filing No. 151; Filing No. 152; Filing No. 153.) On December 2, 2025, the Court granted the motions and authorized the interlocutory sales as set forth in the joint motions. (Filing No. 155; Filing No. 156; Filing No. 157; Filing No. 158; Filing No. 159; Filing No. 160.)

On April 21, 2026, Movant filed a "Notice of Attorney's Charging Lien" (Filing No. 224) related to the Court's authorized interlocutory sales of three properties: 9305 South 145th Street, Omaha, Nebraska; 2920 South 13th Court, Omaha, Nebraska; and 10728 L Street, Omaha, Nebraska. These properties had been encumbered by bank mortgages held by Premier Bank ("Premier"). (Filing No. 224.) The Notice provided Movant was retained by Defendants Ketankumar Chaudhari and Rashmi Samani's businesses "to provide legal services necessary to effectuate the interlocutory sales."[1] (Filing No. 224.) The Notice indicated that Movant's reasonable fees and expenses incurred in connection with the sales of two other properties were paid from the proceeds of those sales without objection and that Movant "accepted the present engagement in reliance on that same practice." (Filing No. 224.)

That day, Movant also filed a Motion to Adjudicate and Enforce Attorney's Lien (Filing No. 225), which requested that the Court enter an order enforcing an attorney's lien for Movant's services related to the interlocutory sale of the properties. Movant requested that the Court order his fees and expenses to be paid from the proceeds of the interlocutory sales before any distribution was made to the Government. Movant also sought leave to intervene for the limited purpose of having his attorney lien adjudicated in the event the Court determined that formal party process status was necessary.

The Magistrate Judge entered an Order on May 20, 2026 denying Movant's motion without prejudice on the ground that it was premature. (Filing No. 242.) The Magistrate Judge also concluded that Movant could reassert any interest he has in the sale proceedings in ancillary proceedings relating to the forfeited property after an order of forfeiture was entered.

[1] Notably, Defendants Ketankumar Chaudhari and Rashmi Samani are represented by other retained counsel in connection with these criminal proceedings.

The instant Objection followed. Through the Objection, Movant again seeks compensation for attorneys' fees incurred in carrying out the Court's sale orders. Movant requests that the Court direct the escrow holder to disburse $42,701.50, plus all amounts accruing through the conclusion of active representation, from the escrowed transaction funds directly to Yole Law, PC, LLO, as a primary administrative expense of the Court's interlocutory sale process.[2]

**DISCUSSION**

Movant objects to the Magistrate Judge's May 20, 2026 Order on several grounds. (Filing No. 242.) In particular, Movant takes issue with Magistrate Judge's findings that: (1) Movant's request for administrative closing costs is governed by 21 U.S.C. § 853(k)[3] and, under that provision, Movant's claim is premature; (2) 21 U.S.C. § 853(g)'s authorization of payment of "ordinary and necessary expenses" is unavailable until a order of forfeiture is entered;[4] (3) Movant's claim must be brought in a post-conviction ancillary proceeding under 21 U.S.C. § 853(n)[5]; and (4) the "implicit treatment" of Movant's fee claim as co-equal with ordinary third-party creditor claims.[6]

Movant was retained by Defendants' businesses to provide legal services in connection with the interlocutory sales. (Filing No. 224.) Movant—as the businesses' "agent"—signed the

---

[2] In preparation for closing on the sale of 9305 S. 145th Street, Omaha, Nebraska, the parties reviewed the seller's closing statement which included a line item for "Attorney Fees to Yole Law Firm $20,315.00." (Filing No. 229-1.) The Government objected to this fee and declined to approve closing with the inclusion of this fee. It appears that Movant is now attempting to collect all his fees associated with all three properties, in a total amount of $42,701.50.

[3] This subsection provides, in part, that no party claiming an interest in property subject to forfeiture . . . may "(1) intervene in a trial . . . of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section." 21 U.S.C. § 853(k).

[4] Subsection (g) provides, in part, that "[a]ny income accruing to or derived *from property ordered forfeited* under this section may be used to offset *ordinary and necessary expenses* to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. 21 U.S.C. § 853(g) (emphasis added).

[5] This subsection states that "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice . . . , whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n).

[6] The Court reviews this matter *de novo*.

motions seeking Court authorization of the sales. Although the motions specifically delineated certain expenses to be paid from sale proceeds, including—in several of the motions—attorneys' fees for Premier's counsel, Movant's fees were not listed. Considering that attorneys' fees for Premier's counsel were contemplated and provided for in several of the motions, the absence of such a provision for Movant's fees is telling. This indicates to the Court that there was no intention or agreement for Movant to be paid from the sale proceeds. Due to his involvement with the motions and apparent knowledge of their contents, Movant should not have expected or anticipated to be paid from the proceeds.[7] Also, given the specificity of the motions as to the distribution of funds, Movant's argument that his attorneys' fees are the same or included within the motions' provision for ordinary expenses incident to closing is unpersuasive.

The same is true with Movant's argument his attorneys' fees should be paid to effectuate the Court's sale orders. According to Movant, he is invoking the Court's equitable authority to administer its own sale orders. However, the Court authorized the sales in accordance with the procedures agreed to by the parties. The Court did not dictate arrangements for the sales or require Movant to provide any services outside what the parties agreed to in their motions.

Movant also argues he is entitled to "ordinary and necessary expenses" pursuant to 21 U.S.C. § 853(g), and that "ordinary and necessary expenses" encompass the costs of counsel whose work was necessary to generate the sale proceeds. Movant contends that because his efforts preserved funds for others, he is entitled to reasonable compensation for those efforts. The Court has no reason to doubt that Movant provided services in connection with the sales. However, any agreement as to how Movant was to be paid for those services was between Movant and the businesses he was hired to represent. The Court's orders adopted the parties' stipulations as to procedures to be used and how sale proceeds were to be distributed. As stated above, the Court authorized the sales in accordance with the procedures agreed to by the parties. It did not direct efforts outside those agreements or impose certain requirements.

Accordingly,

[7] The Government paid Movant's fees in connection with a couple of the sales. The Government contends these payments were made in error and that Movant should repay the amounts he received. The Court will not address the issue of repayment in this Memorandum and Order because it is outside the scope of Movant's Objection.

**IT IS ORDERED** that Movant's Objection to the Magistrate Judge's Order dated May 20, 2026 (Filing No. 246) is overruled.

Dated this 29th day of September, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge