IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>AMIT P. CHAUDHARI et al,<br>Defendants. | **4:25CR3071**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Amit P. Chaudhari's Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f) and Motion to Strike Surplusage pursuant to Rule 7(d). Filing No. 254. For the reasons set forth herein, Amit P.'s motion is denied.

**BACKGROUND**

On February 18, 2026, the grand jury returned a Superseding Indictment charging Amit P. with various federal offenses including, in relevant part, conspiracy to violate 8 U.S.C. § 1324 (Count IX[1]). Count IX alleges:

> Beginning on an unknown date, but from at least on or about January 1, 2021 and continuing through on or about August 12, 2025, in the District of Nebraska and elsewhere, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, Amit B. Chaudhari, a/k/a Matt, and Maheshkumar Chaudhari a/k/a Mahesh, defendants herein, did knowingly and willfully conspire and agree together and with each other, and with other persons known and unknown to the grand jury, to commit harboring and concealment of aliens, by unlawfully employing, transporting, concealing from detection, and housing aliens, with knowledge and in

[1] Defendant inadvertently moves for a bill of particulars on Count XI. Count XI in the original Indictment charged Defendant with conspiracy to violate 8 U.S.C. § 1324. Filing No. 67 at 8. Count XI in the Superseding Indictment is unrelated to Defendant's arguments. *See* Filing No. 181 at 12; Filing No. 254 at 3 (Defendant's brief).

> reckless disregard of the fact aliens were not lawfully in the United States for the purpose of avoiding detection by immigration authorities.
>
> In violation of Title 8 United States Code, Section 1324(a)([1])(A)(v)(I)

Filing No. 181 at 9.

According to the Superseding Indictment, Amit P.'s sister and her husband own several hotels and brow and lash salons. Filing No. 181 at 1–2 ¶¶ 1–3. Amit P. helps manage the day-to-day operations of the hotels and salons. *Id.* at 2 ¶ 4. The Superseding Indictment describes the "manner and means" of the conspiracy. It explains Amit P. conspired with his sister, her husband, two other named conspirators, and unknown conspirators to transport aliens into Nebraska. These aliens lived in the hotels owned by Amit P.'s sister and brother-in-law and worked in the hotels and brow salons for the conspirators. The conspirators transported the aliens from the hotels to the brow salons. *Id.* at 9–10 ¶¶ 26–31.

The Superseding Indictment also describes overt acts taken in furtherance of the conspiracy. Specifically, Amit P.'s brother-in-law coordinated with another individual to transport people from different states to Texas. Amit P. was the contact person for the Texas drop-off address. Additionally, Amit P. provided a vehicle to transport four people who were in the United States illegally from another state to Nebraska. These individuals then lived in one of the hotels. Three of these individuals worked for the hotel. A fifth individual told law enforcement he lived in another one of the hotels and works for Amit P., who knows he is in the United States illegally. *Id.* at 10–12 ¶¶ 32–45.

Amit P. waived arraignment on the Superseding Indictment on February 27, 2026. Filing No. 191. The Court designated this case unusual and complex due, in part, to the anticipated volume of discovery. Filing No. 94. The Government has disclosed "substantial" discovery to Amit P. Filing No. 254 at 1.

In June, Amit P.'s counsel asked the Government to explain the evidence against his client (a "reverse proffer"). Before the reverse proffer could occur, Amit P. filed the pending motion seeking a Bill of Particulars. Filing No. 258 at 2–3. There is no evidence indicating whether the reverse proffer occurred after Amit P. filed his motion. Amit P.'s counsel later reported, in compliance with the Court's order during an August status

conference, that all issues raised by Amit P.'s motion remain unresolved. *See* Filing No. 274.

Amit P. seeks clarity as to: "(1) the scope of the alleged conspiracy he is accused of joining; (2) the conduct that allegedly constituted his agreement to join that conspiracy; (3) the factual allegations within the Indictment that the Government contends establish his criminal liability; and (4) the statutory theory of culpability that the Government attributes to his alleged conduct." Filing No. 254 at 14. He moves for a Bill of Particulars identifying:

1. The statutory objective or objectives under 8 U.S.C. §1324 that the Government contends Defendant Amit P. Chaudhari knowingly agreed to accomplish as part of the conspiracy alleged in Count [IX].
2. The approximate date or period during which the Government contends Defendant Amit P. Chaudhari joined the conspiracy alleged in Count [IX].
3. The conduct that the Government contends constituted Defendant Amit P. Chaudhari's agreement to join the conspiracy.
4. The alleged undocumented individual or individuals whom the Government contends were the object of Defendant Amit P. Chaudhari's alleged agreement.
5. Whether the Government contends Defendant Amit P. Chaudhari acted with actual knowledge, reckless disregard, or both, and, if different theories apply, the statutory objectives or alleged undocumented individuals to which each theory pertains.
6. Which factual allegations contained within the Indictment the Government contends establish Defendant Amit P. Chaudhari's participation in the conspiracy charged in Count [IX].

Filing No. 254 at 16–17. Amit P. also moves to strike allegations from the Superseding Indictment.

## ANALYSIS

Federal Rule of Criminal Procedure 7(f) allows the Court to "direct the government to file a bill of particulars." Federal Rule of Criminal Procedure 7(d) allows the Court to "strike surplusage from the indictment or information." The Court begins with Amit P.'s motion for a Bill of Particulars.

## I. Bill of Particulars.

As an initial matter, Amit P.'s motion for a Bill of Particulars is untimely. A "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. Proc. 7(f). Amit P. waived arraignment on the Superseding Indictment on February 27, 2026. He filed his motion on June 29, 2026. He did not explain why there is good cause to permit his untimely motion. While it is possible to deny his motion on this basis, the Court nonetheless considers and denies his motion on the merits.

**Legal Standard**

A defendant may move for a bill of particulars if the "defendant believes that an indictment does not provide enough information to prepare a defense." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)). "The trial court has broad discretion in granting or denying a bill of particulars." *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Huggans*, 650 F.3d at 1220 (quoting *Livingston*, 576 F.3d at 883). To determine whether a bill of particulars is necessary, the Court looks to whether the indictment adequately states an offense. "An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." *United States v. Helmel*, 769 F.2d 1306, 1321 (8th Cir. 1985). "'It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . .' as long as the elements of the offense are delineated and the general statement is accompanied by the specific facts constituting the offense." *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117–18 (1974)).

Whether the Court should order a bill of particulars to help a defendant prepare a defense "depends upon whether the indictment states sufficient facts to inform the accused of 'the specific offense,' as opposed to the general category of offenses defined by the statute." *United States v. Johnson*, 225 F. Supp. 2d 982, 993 (N.D. Iowa 2002) (citing *Hamling*, 418 U.S. at 117–18). "A bill of particulars is not a discovery device to be

used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Huggans*, 650 F.3d at 1220 (quoting *Livingston*, 576 F.3d at 883).

**Analysis**

In relevant part, Amit P. is charged with seven counts of concealing specific individuals identified in the Superseding Indictment by their initials (SC, SSC, MFA, MMA, JKC, GNC, ECM). *See* 8 U.S.C. § 1324(a)(1)(A)(iii). Amit P. is also charged with four counts of illegally transporting four of these individuals (SC, SSC, MFA, MMA). *See* 8 U.S.C. § 1324(a)(1)(A)(ii). Amit P. is separately charged in Count IX with conspiracy to harbor illegal aliens. *See* 8 U.S.C. § 1324(a)(1)(A)(v)(I). Amit P. solely moves for a Bill of Particulars on Count IX.

To convict Amit P. on Count IX, the Government must prove (1) two or more persons reached an agreement to harbor aliens, (2) Amit P. voluntarily and intentionally joined the agreement, and (3) Amit P. knew the purpose of the agreement when he joined. *See* Model Crim. Jury Instr. 8th Cir. 5:06A-1 Conspiracy: Elements (18 U.S.C. § 371) (2026) (general conspiracy statute). *Accord* *United States v. Harris*, 493 F.3d 928, 931 (8th Cir. 2007) (drug conspiracy).

Amit P. argues the scope of the conspiracy is unclear. He argues it is unclear who he is charged with conspiring to harbor and how. He also argues the indictment does not identify all his co-conspirators, does not explain how or when he agreed to join the conspiracy, does not distinguish his role in the conspiracy from the role of his co-conspirators, and does not specify whether he acted with knowledge or in reckless disregard of the aliens' illegal status.

First, Amit P.'s arguments conflate the underlying substantive offenses with the conspiracy to commit these offenses. The government does not need to prove a defendant committed the offenses underlying a conspiracy to prove the defendant conspired to commit these offenses. *United States v. Goforth*, No. 23-1341, 2023 WL 6532617, at *1 (8th Cir. Oct. 6, 2023); *see, e.g.*, *United States v. Lopez*, 392 Fed. App'x 245, 253 (5th Cir. 2010) (government did not need to prove an alien entered or remained in the United States in violation of law—an element of illegally transporting an alien—to prove a defendant conspired to illegally transport aliens).

Section 1324 makes it a crime to conspire to commit any of four underlying offenses. 8 U.S.C. § 1324(a)(1)(A)(v)(I). Two of the underlying offenses are illegally transporting, 8 U.S.C. § 1324(a)(1)(A)(ii), and concealing (iii) an alien. Both require the government to prove the defendant acted in knowing or reckless disregard of the alien's illegal status. Count IX broadly charges Amit P. with conspiring to unlawfully conceal and transport aliens in knowing or reckless disregard of their status.[2] Count IX tracks the statutory language and puts Amit P. on notice as to the charged conspiracy. This is enough. A bill of particulars to clarify the scope of the substantive offenses underlying the charged conspiracy is not warranted.

Second, Amit. P's motion impermissibly seeks discovery. "A conspiracy indictment contains sufficient specific facts when it apprises the defendant of the timeframe of the conspiracy and the nature of the unlawful scheme." *United States v. Olalere*, No. 8:18CR193, 2026 WL 1383162, at *3 (D. Neb. May 18, 2026) (citing *Huggans*, 650 F.3d at 1218). "Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial." *United States v. Soloman*, No. 23-cr-156, 2024 WL 398552, at *15 (D. Minn. Feb. 2, 2024), *aff'd as modified on other grounds sub nom. United States v. Noble*, 2024 WL 1366540 (D. Minn. Apr. 1, 2024) (quoting *United States v. Reid*, 650 F. Supp. 3d 182, 197 (S.D.N.Y. 2023)).

Count IX specifies the relevant time period and explains the "manner and means" of the conspiracy. The Superseding Indictment explains Amit P. conspired with his co-defendants and unknown persons to transport aliens into Nebraska. These aliens lived and worked at hotels owned by Amit P.'s sister and her husband. These aliens were also transported from the hotels to work at brow salons owned by Amit P.'s sister and her husband. Amit P. helps manage the day-to-day operations of the hotels and salons. The Superseding Indictment then includes 14 overt acts allegedly committed in furtherance of the conspiracy. For example, the Superseding Indictment explains Amit P. provided a

---

[2] The Superseding Indictment charges: Amit P. and the co-conspirators "did knowingly and willfully conspire and agree . . . to commit harboring and concealment of aliens, by unlawfully employing, transporting, concealing from detection, and housing aliens, with knowledge and in reckless disregard of the fact aliens were not lawfully in the United States for the purpose of avoiding detection by immigration authorities. In violation of Title 8, United States Code, Section 1324(a)([1])(A)(v)(I)." Filing No. 181 at 9.

vehicle to transport four aliens from another state to Nebraska to live in and work for one of the hotels.

This is sufficient. Count IX broadly describes the alleged scheme as well as specific overt acts in furtherance of the conspiracy the Government attributes to Amit P. The Government is not required to explain in more detail how it intends to prove Amit P. conspired to harbor aliens at trial. Amit P.'s motion for a Bill of Particulars is denied.

**II. Motion to Strike Surplusage.**

Amit P. also moves the Court to strike surplusage from the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 7(d). Specifically, he moves to strike allegations describing co-defendants' conduct, inflammatory or prejudicial allegations, and evidentiary allegations from the Superseding Indictment.

"A motion to strike surplusage from an indictment is a matter within the court's discretion." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007) (citing *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990)). The Court should only grant a motion to strike surplusage when it is "clear" the allegations in the indictment "are not relevant to the charge made or contain inflammatory and prejudicial matter." *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962). "Motions to strike surplusage are not lightly granted and require the defendant to meet a significant burden of proof." *United States v. Augustine Medical, Inc.*, No. CRIM.03–321(1–8), 2004 WL 502183, at *4 (D. Minn. Mar. 11, 2004).

Amit P. did not fulfill his burden of proving the Court should strike allegations as surplusage. He did not provide any legal authority outside of the statute. Nor did he direct the Court to the specific allegations he is moving to strike. The Court will not parse the Superseding Indictment for potentially prejudicial allegations. Amit P.'s motion is denied.[3]

[3] Nothing in this Order should be read to prevent any defendant from filing a motion in limine regarding how the Superseding Indictment is presented to the jury at trial.

## CONCLUSION

Accordingly,

IT IS ORDERED Defendant Amit P. Chaudhari's Motion for a Bill of Particulars and Motion to Strike Surplusage, Filing No. 254, is denied.

Dated this 1st day of October, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge