IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>HINABEN CHAUDHARI et al,<br>Defendants. | **4:25CR3071**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Hinaben Chaudhari's Motion for a Bill of Particulars. Filing No. 299. For the reasons set forth herein, Hinaben's motion is granted in part and denied in part.

## BACKGROUND

On February 18, 2026, the grand jury returned a Superseding Indictment charging Hinaben with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count XXIII). The conspiracy involved unknown conspirators and three of Hinaben's co-defendants—Ketankumar Chaudhari ("Ken"), Rashmi Samani, and Jayeshkumar Chaudhari. It occurred between approximately April 9, 2021 and August 12, 2025. Filing No. 181 at 21.

Count XXIII charges three objects of the conspiracy pursuant to 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), and (B)(ii). Specifically, Hinaben allegedly conspired to conduct "financial transactions" involving the proceeds of "specified unlawful activity" with either (1) the intent to promote "specified unlawful activity" or knowing the "transactions"[1] were designed to (2) conceal proceeds of "specified unlawful activity" or (3) avoid a reporting

[1] "Specified unlawful activity," "transaction," and "financial transaction" are terms of art defined by the statute. *See* § 1956(c)(3), (4), and (7).

requirement. The Superseding Indictment alleges the "specified unlawful activity" in this case is sex trafficking in violation of 18 U.S.C. § 1591, maintaining a drug premise in violation of 21 U.S.C. § 856, labor trafficking in violation of 18 U.S.C. § 1589, and harboring aliens in violation of 8 U.S.C. § 1324. Filing No. 181 at 21–23.

According to the Superseding Indictment, Ken and his wife Rashmi own hotels and beauty salons. Filing No. 181 at 1 ¶ 1. Rashmi's brother (Amit P. Chaudhari) helps Ken and Rashmi manage the day-to-day operation of the Nebraska hotels and salons. Filing No. 181 at 2 ¶ 4. Ken's brother—Amit B. Chaudhari ("Matt")—and Maheshkumar Chaudhari ("Mahesh") originally helped manage the Omaha businesses but relocated to other areas to continue the schemes charged in the Superseding Indictment. Filing No. 181 at 2 ¶ 4. The Superseding Indictment explains these co-defendants—Ken, Rashmi, Amit P., Matt, and Mahesh—are human trafficking and harboring illegal aliens to staff their businesses. Ken, Rashmi, Amit. P., Matt, and Mahesh are also profiting from sex trafficking and drug use and distribution occurring at the hotels. Filing No. 181 at 3 ¶ 6. The Superseding Indictment charges Ken, Rashmi, Amit P., Matt, and Mahesh with a variety of federal offenses related to these facts.

There are no facts in the Superseding Indictment about Hinaben or her involvement. Even her name only appears in the Superseding Indictment twice. Hinaben is charged in Count XXIII with conspiracy to commit money laundering and her name also appears in the forfeiture allegation related to Count XXIII. Filing No. 181 at 21 ¶ 88, 25 ¶ 101. The Government explains in its brief opposing her motion for a Bill of Particulars that Hinaben is Ken's sister. Filing No. 303 at 1.

The Superseding Indictment generally describes the "manner and means" of the money laundering conspiracy Hinaben is charged with committing. It explains the conspirators received money from individuals engaged in specified unlawful activity. The conspirators moved funds to obscure the source of the dirty money, stored the dirty money in unorthodox ways to conceal it, and converted the dirty money into jewelry and real estate. The real property was used to make more money and expand the unlawful activities. It does not attribute any specific facts to Hinaben. The forfeiture allegations

seek forfeiture of several real properties, vehicles, money, and 30 bags of gold jewelry. Filing No. 181 at 25–26 ¶ 102.

Hinaben was arraigned on the Superseding Indictment on March 11, 2026. Filing No. 206. The Court designated this case unusual and complex due, in part, to the anticipated volume of discovery. Filing No. 218. The Government has disclosed approximately four terabytes of discovery in a searchable format. Filing No. 300 at 2; Filing No. 303 at 6.

Hinaben asks the Government to particularize: (1) the transactions involved in the money laundering conspiracy, (2) the specified unlawful activity that generated the proceeds involved in each transaction, (3) when the Government contends she knew property was proceeds of unlawful activity and what unlawful activity she knew about, (4) which statutory laundering objective the Government attributes to each transaction involved in the conspiracy, (5) when and how the Government contends she joined the conspiracy, (6)/(10) which accounts, entities, and real property are involved in the conspiracy, and (7)–(9) whether specific property[2] and transactions are involved in the conspiracy. Filing No. 299 at 3–6. The Court also permitted Hinaben to file a reply in support of her motion. In her reply brief, she asks the Court to, at a minimum, order the Government to identify the money laundering transactions, the specified unlawful activity that generated the proceeds involved in each transaction, and when it contends she joined the conspiracy. Filing No. 308 at 5–6.

## LEGAL BACKGROUND

Federal Rule of Criminal Procedure 7(f) allows the Court to "direct the government to file a bill of particulars." A defendant may move for a bill of particulars if the "defendant believes that an indictment does not provide enough information to prepare a defense."

[2] Hinaben asks the Government to particularize whether property discussed during her detention hearing was involved in the conspiracy. For context, an FBI agent testified during the detention hearing held March 11, 2026 that Hinaben owned a hotel (Econo Lodge) in Iowa. This hotel is not one of the hotels referenced in the Superseding Indictment. The agent testified insurance paid Hinaben $1 million after the hotel caught fire and the city of Urbandale purchased the property from Hinaben for an additional $1 million. Hinaben used this money to pay off her house and vehicles. Filing No. 216 at 13:25–14:13. The agent also testified Hinaben sent text messages with photos depicting her husband putting an estimated $200,000–$300,000 in a safe deposit box. *Id.* at 14:28–15:13. This cash was not located or seized by the investigation. *Id.* at 25:38–25:55.

*United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)). "The trial court has broad discretion in granting or denying a bill of particulars." *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Huggans*, 650 F.3d at 1220 (quoting *Livingston*, 576 F.3d at 883). To determine whether a bill of particulars is necessary, the Court looks to whether the indictment adequately states an offense. "An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." *United States v. Helmel*, 769 F.2d 1306, 1321 (8th Cir. 1985). "'It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . .' as long as the elements of the offense are delineated and the general statement is accompanied by the specific facts constituting the offense." *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117–18 (1974)).

Whether the Court should order a bill of particulars to help a defendant prepare a defense "depends upon whether the indictment states sufficient facts to inform the accused of 'the specific offense,' as opposed to the general category of offenses defined by the statute." *United States v. Johnson*, 225 F. Supp. 2d 982, 993 (N.D. Iowa 2002) (citing *Hamling*, 418 U.S. at 117–18). "A bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Huggans*, 650 F.3d at 1220 (quoting *Livingston*, 576 F.3d at 883).

**ANALYSIS**

Hinaben is charged with conspiracy to commit money laundering. "Conspiring to launder money in violation of 18 U.S.C. § 1956(h) requires that the defendant 'agreed with another person to violate the substantive provisions of the money-laundering statute.'" *United States v. Heid*, 651 F.3d 850, 854 (8th Cir. 2011) (quoting *United States v. Hynes*, 467 F.3d 951, 964 (6th Cir. 2006)). "At base, there must exist an agreement to achieve an illegal purpose." *Id.* (quoting *United States v. Pizano*, 421 F.3d 707, 725 (8th

Cir. 2005)). *See generally* Model Crim. Jury Instr. 8th Cir. 6.18.1956K Conspiracy to Launder Money (18 U.S.C. § 1956(h)).

This does not mean the Government needs to prove Hinaben knew the conspiracy's purpose constitutes a money laundering offense under the statute. *Ingram v. United States*, 360 U.S. 672, 677–78 (1959). Ignorance of the law is no excuse. Nor does the Government need to prove Hinaben intended to launder money herself. *Ocasio v. United States*, 578 U.S. 282, 292 (2016). It is sufficient if Hinaben intended that some member of the conspiracy launder money. *Id.*

However, Hinaben must still have had the requisite *mens rea* to launder money. *United States v. Brooks*, 681 F.3d 678, 699–700 (5th Cir. 2012). "[C]onspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." *Ingram*, 360 U.S. at 678; *United States v. Zimmerman*, 832 F.2d 454, 457 (8th Cir. 1987) ("The intent required to [prove conspiracy] is the intent necessary to the substantive offense."); *see Heid*, 651 F.3d at 856 (no factual basis for defendant's plea to money laundering conspiracy charge because there were no facts her co-conspirators had the *mens rea* to launder money).

The Superseding Indictment charges three objects of the conspiracy pursuant to 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), and (B)(ii). All three money laundering offenses require the existence of two mental states. First, the defendant's knowledge that proceeds from a felony were involved in a financial transaction. 18 U.S.C. § 1956(a)(1), (c)(1). Second, an (A)(i) offense requires intent to promote specified unlawful activity while (B)(i) and (B)(ii) offenses require the defendant's knowledge that the transaction was designed to conceal criminal proceeds or avoid a reporting requirement.

Here, the Superseding Indictment alleges Hinaben conspired with three of her co-defendants and unknown conspirators to launder money over four years. Count XXIII tracks the language of the money laundering statute. It identifies the money laundering offenses underlying the conspiracy and the "specified unlawful activity" that generated the proceeds involved in the transactions. It generally explains the "manner and means" of the conspiracy and lists specific property the Government contends is subject to forfeiture

upon conviction on the money laundering conspiracy charge. The Superseding Indictment does not identify the money laundering transactions involved in the conspiracy.

The Government does not directly address the transactions. Instead, the Government argues a bill of particulars is not necessary because it produced substantial discovery. Ordinarily, large discovery disclosures weigh against ordering the Government to provide a bill of particulars. *United States v. Chandran*, No. 4:22CR3077, 2024 WL 4930044, at *7 (D. Neb. Dec. 2, 2024). But a bill of particulars may be appropriate in a large, complex case with multiple co-defendants and substantial discovery materials. *United States v. Arberry*, No. 06-CR-278, 2007 WL 9706396, at *2 (E.D. Wis. Feb. 15, 2007) (collecting cases). Otherwise, defense counsel would "have the insurmountable task of effectively engaging in an archeological dig to sift through numerous documents [that] . . . may not even be relevant to the particular defendant." *Id.*

Here, Hinaben is charged with one count in a twenty-three (23) count indictment with six (6) other co-defendants. The Court deemed this case complex and the Government produced four terabytes of discovery. Importantly, there are <u>no</u> facts attributed to Hinaben in the Superseding Indictment. To prepare her defense, Hinaben and her attorney must ascertain what Hinaben allegedly knew about the transactions involved in the conspiracy. This involves digging through terabytes of discovery involving the six other defendants to look for potentially relevant transactions in a complex conspiracy spanning four years. The difficulty of finding relevant transactions is confounded by the fact that, because this is a conspiracy, Hinaben's name may not appear on any of the documents associated with a particular money laundering transaction. Moreover, since this conspiracy involves unknown conspirators, even the names of Hinaben's known co-conspirators may not appear on the documents. In these circumstances, a limited bill of particulars is appropriate to distinguish the "specific offense" Hinaben is charged with from "the general category of offenses defined by the statute." *Johnson*, 225 F. Supp. 2d at 993.

However, granting Hinaben's motion in full is not warranted. "A conspiracy indictment contains sufficient specific facts when it apprises the defendant of the timeframe of the conspiracy and the nature of the unlawful scheme." *United States v.*

*Olalere*, No. 8:18CR193, 2026 WL 1383162, at *3 (D. Neb. May 18, 2026) (citing *Huggans*, 650 F.3d at 1218). The Court will order the Government to particularize the money laundering transactions involved in the conspiracy. Hinaben already knows the timeframe of the conspiracy, the general "manner and means" of the conspiracy, the money laundering objectives of the conspiracy, and the "specified unlawful activity" that generated the criminal proceeds. The Government is not required to explain in more detail, for example, what specified unlawful activity it believes each transaction promoted. Once the Government particularizes the money laundering transactions, Hinaben will know the full nature of the scheme. This is sufficient to prepare her defense and avoid surprise at trial.

## CONCLUSION

Accordingly,

IT IS ORDERED Defendant Hinaben Chaudhari's Motion for a Bill of Particulars, Filing No. 299, is granted in part and denied in part. Within thirty (30) days of the date of this Order, the Government is ordered to file a Bill of Particulars identifying the financial transactions relevant to the conspiracy charged in Count XXIII. The Bill of Particulars shall include, to the extent known: the date, amounts and/or property, originating account/entity or person, and receiving account/entity or person associated with each financial transaction. The remainder of Hinaben's motion is denied.

Dated this 14th day of October, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge