IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, RASHMI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI, MAHESHKUMAR CHAUDHARI, HINABEN CHAUDHARI, and JAYESHKUMAR CHAUDHARI,<br><br>Defendants. | **4:25CR3071**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on two motions filed by third-party Premier Bank. Filing No. 301; Filing No. 302. The Court denies Premier Bank's motions for the reasons set forth herein.

**BACKGROUND**

Defendants Ketankumar Chaudhari ("Ken") and Rashmi Samani are the sole members of two LLCs—Bapaji Maharaj, LLC and Jay Maharaj, LLC. Bapaji Maharaj, LLC owns a property located at 1110 Fork Crook Road S., Bellevue, Nebraska 68005 (the "Bellevue property"). Jay Maharaj, LLC owns a property located at 2920 South 13th Court, Omaha, Nebraska 68108 (the "Omaha property"). Premier Bank is the beneficiary of loans secured by Deeds of Trust recorded on these properties. Filing No. 118 at 4; Filing No. 119 at 2–3. The grand jury returned an Indictment and, later, a Superseding Indictment alleging both properties are subject to forfeiture upon Ken and Rashmi's conviction for various federal offenses. Filing No. 67-1 at 22; Filing No. 181 at 26. The Government filed a *lis pendens* clouding title to the properties.

Previously, the Court granted the Government, Ken/Rashmi, and Premier Bank's joint motions, Filing No. 118; Filing No. 119, for an order authorizing the interlocutory sale of the Bellevue and Omaha properties. Filing No. 124; Filing No. 125. Premier Bank now moves to vacate the interlocutory sale orders. Premier Bank recorded Notices of Default on January 29, 2026 but paused foreclosure. Filing No. 314 at 1 n.1. Premier Bank asks the Court to order the Government to release its *lis pendens* so it may resume foreclosing on these properties. Filing No. 301; 302. The Government opposes Premier Bank's motions. Filing No. 311.

## ANALYSIS

Pursuant to 21 U.S.C. § 853(k), "no party claiming an interest in property subject to forfeiture . . . may . . . commence an action at law or equity against the United States concerning the validity of [their] alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture."

Title in a forfeited property vests in the Government when a criminal act is committed. *United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999). Accordingly, a foreclosure action brought after the crime was committed is an action "against the United States." *Id.* This means section 853(k) statutorily bars foreclosure proceedings once an indictment is filed alleging property is subject to forfeiture. *Id.*; *United States v. MacInnes*, 223 Fed. App'x 549, 553 (9th Cir. 2007). Instead, an interested party may petition the Court to adjudicate the validity of their interest in the property pursuant to section 853(n) after entry of an order of forfeiture. Or an interested party may petition the Attorney General for relief pursuant to section 853(i). *See generally* 28 C.F.R. § 9.1 et seq. (regulations governing these petitions).

Premier Bank did not provide any legal authority indicating the Court may order the Government to release its *lis pendens* so it may resume foreclosing on the Bellevue and Omaha properties. The Indictment and Superseding Indictment allege the Bellevue and Omaha properties are subject to forfeiture. Section 853(k) bars Premier Bank from foreclosing on these properties. Premier Bank is statutorily restricted to petitioning the Court (after entry of an order of forfeiture) or the Attorney General for relief.

It is unclear whether Premier Bank wants the Court to vacate its orders authorizing the interlocutory sale of these properties if it is unable to foreclose. Neither party addresses this issue. Accordingly, the Court will deny Premier Bank's motions and order the parties to meet and confer to address whether the orders authorizing the interlocutory sales of the Bellevue and Omaha properties should be vacated.

**CONCLUSION**

Accordingly,

IT IS ORDERED that Premier Bank's Motion[s] to Dismiss Propert[ies] From Order on Joint Motion for Interlocutory Sale of Subject Property, Filing No. 301; Filing No. 302, are denied.

IT IS FURTHER ORDERED that counsel for the Government, Defendants Ken and Rashmi, and Premier Bank shall meet and confer to discuss whether the orders authorizing the interlocutory sales of the Bellevue and Omaha properties should be vacated. The parties shall jointly email chambers (deluca@ned.uscourts.gov) a status update by November 2, 2026.

Dated this 19th day of October, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge